Harvey P. Sanders
SANDERS & SANDERS
401 Maryvale Drive
Cheektowaga, NY 14225
Tel: (716) 839-1489
harvey.sanders@wnyemploymentlaw.com

Carolyn H. Cottrell (to apply *Pro Hac Vice*)
Ori Edelstein (to apply *Pro Hac Vice*)
Kristabel Sandoval (to apply *Pro Hac Vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

*Attorneys for Plaintiffs and Class members*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DORIS GREEN, and CHRISTINA CASERO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br>THE SHERATON, LLC and NFNY HOTEL MANAGEMENT LLC<br><br>Defendants. | Case No.<br><br>**ORIGINAL CLASS ACTION COMPLAINT**<br><br>**CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiffs Doris Green and Christina Casero, individually and on behalf of all others similarly situated, brings this class action against Defendants The Sheraton, LLC and NFNY Hotel Management LLC (collectively "Defendants") on behalf of individuals who have worked for Defendants as servers, waiters, bartenders, room service attendants, and other non-managerial service workers paid on an hourly basis, and are subject to Defendants' wage notice and wage statement practices. This case implicates Defendants' longstanding policies and practices, which fail to provide Plaintiffs and Class members accurate, itemized wage statements as required by NYLL § 195(3); and  failing to provide accurate and proper written notice as required by NYLL § 195(1).

2. Plaintiffs file this action to recover all penalties and other damages on behalf of themselves and Class members under New York state law as a class action under Federal Rule of Civil Procedure 23. Plaintiffs seek to remedy the sweeping practices Defendants integrated into their gratuity systems and payroll policies that have deprived Plaintiffs and Class members of their lawfully earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This court has federal question jurisdiction over the subject matter of Plaintiffs' state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiffs' Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiffs and at least one of the Defendants are citizens of different states. Moreover, the number of proposed class members in New York is believed to exceed 100.

4. Defendant The Sheraton, LLC licenses/franchises numerous properties in this

district and in the state, are registered to do business in this district and this state, and employs hundreds of workers in this district and the State of New York. Defendant NFNY Hotel Management LLC's principal place of business is in New York. Accordingly, Defendants are subject to personal jurisdiction in New York.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Niagara Falls, and because Defendant NFNY Hotel Management LLC operates in this District.

## PARTIES

6. Plaintiff Doris Green is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident and citizen of the State of New York, County of Niagara. Plaintiff Green was employed by Defendants at the Sheraton Niagara Falls as a bartender and occasional server, front desk worker, and occasionally as an in-room service worker from approximately May 2019 to August 2020.

7. Plaintiff Christina Casero is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident and citizen of the State of New York, County of Niagara. Plaintiff Casero was employed as a food and beverage server by Defendants at the Sheraton Niagara Falls from approximately May 2016 to August 2020.

8. The New York Class members are all people who are or who have been employed by Defendants, in their individual employer capacities as well as their capacity as joint employers, as hourly non-exempt employees, including but not limited to, food and beverage servers, in-room dining servers, front desk workers, and other similar hourly and non-exempt service workers throughout the State of New York within the six years preceding the filing of this Complaint.

9. Plaintiffs are informed, believe, and thereon allege that Defendant The Sheraton LLC is a Delaware limited liability company with its principal place of business in Maryland, and is registered to do business in New York. Accordingly, Defendant Sheraton is a citizen of both Delaware and Maryland. The Sheraton LLC may be served with process by serving its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

10. Plaintiffs are informed, believe, and thereon allege that Defendant NFNY Hotel Management LLC is a Delaware limited liability corporation with its principal place of business located in Niagara County, New York, and is registered to do business in New York. NFNY Hotel Management LLC may be served with process at 443 Main Street, Niagara Falls, New York 14301. Upon information and belief, NFNY Hotel Management LLC does business under various assumed names including "Niagara Inn," "Chill 443," "American Niagara Hospitality," and "Sheraton at the Falls."

11. Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint, Defendants are the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

12. Plaintiffs are informed, believe, and thereon allege that Defendants, individually and/or jointly, own, operate, and maintain hotels and restaurants in New York. Plaintiffs are informed, believe, and thereon allege that each Defendant employs Class members, among other hourly employees, throughout the State of New York.

13. Plaintiffs are informed and believe that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that

said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

14. Plaintiffs are informed, believe, and thereon allege that Defendant The Sheraton LLC directly controls various operations of its agent, Defendant NFNY Hotel Management LLC, with respect to the Sheraton Niagara Falls hotel and the restaurants attached thereto. Plaintiffs are informed, believe, and thereon allege that Defendants The Sheraton LLC and NFNY Hotel Management LLC jointly exercised control over Plaintiffs and Class members with respect to their employment at the Sheraton Niagara Falls hotel and the restaurants attached thereto.

15. As joint employers of Plaintiffs and Class members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for penalties for violating the NYLL, rules and regulations, and other state laws, with respect to the employment of Plaintiffs and Class members.

16. Throughout this Complaint, any reference to "Defendant" or "Defendants" is intended to refer to Defendants The Sheraton LLC and NFNY Hotel Management LLC jointly unless otherwise indicated.

17. At all material times, Defendants have done business under the laws of New York, have continuously maintained physical places of business in New York, including in this district, and have employed Class members in this district and elsewhere throughout New York. Defendants are "employers" within the meaning of NYLL § 651(6).

18. Defendants each individually and/or jointly own, operate, and/or manage hotels, restaurants, and resorts throughout New York.

19. Upon information and belief, Defendant The Sheraton LLC employs Class members jointly (either directly or indirectly) with the Defendant NFNY Hotel Management

LLC at the Sheraton Niagara Falls, because Defendants The Sheraton LLC and NFNY Hotel Management LLC jointly, directly or indirectly, control the employment terms, pay practices, timekeeping practices, training practices, and daily work of Plaintiffs and similarly situated employees.

20. Upon information and belief, Defendants enter into similar joint employment relationships with other operators like NFNY Hotel Management LLC and impose similar policies and practices with respect to their joint employees regardless of the specific joint employer.

21. At all material times, Defendants do business under the laws of New York, have places of business in the State of New York, including in this judicial district, and employ Class members in this judicial district. Defendants are "employers" as defined in NYLL § 651(6).

22. Upon information and belief, Defendant NFNY Hotel Management LLC operates multiple hotels and restaurants, and employs Class members, throughout the State of New York.

**FACTUAL ALLEGATIONS**

23. Defendant NFNY Hotel Management LLC operates a number of hotels, restaurants, and resorts throughout New York, including but not limited to Sheraton Niagara Falls, Days Inn, and Wyndham Garden Hotel, which are located in Niagara Falls, New York. Defendants jointly employ hundreds of hourly non-exempt workers similarly situated to Plaintiffs across these facilities.

24. The Sheraton LLC provides licensing and/or franchise agreements to management companies such as NFNY Hotel Management LLC. In such licenses, The Sheraton LLC acknowledges that it owns, operates, and/or licenses hotels under the "Sheraton" brand. NFNY Hotel Management agreed, as part of the licensing agreement with The Sheraton LLC, to operate

the Sheraton Niagara Falls in strict conformance with the "Sheraton System" and in accordance with the written agreement drafted by The Sheraton LLC. That "system" includes use of The Sheraton LLC's brand and trademarks, access to Sheraton's reservation system, advertising, publicity, and other marketing programs and materials.

25. In accordance with the licensing agreement, The Sheraton LLC requires licensees like NFNY Hotel Management LLC to purchase, install, and use required business software and hardware systems set out by Sheraton. For example, The Sheraton LLC requires licensees like NFNY Hotel Management LLC to use a mandatory and common reservation system, marketing program, global sales program, and SPG program. The Sheraton LLC also requires licensees like NFNY Hotel Management LLC to (1) operate the hotel at a high moral and ethical standard, (2) maintain a clean, orderly, safe and respectable establishment, and (3) avoid creating or causing any labor dispute. The Sheraton LLC prohibits licensees like NFNY Hotel Management LLC from operating their hotels in any manner that adversely reflects on The Sheraton LLC, its brand, the Sheraton system, or the goodwill associated therewith.

26. The Sheraton LLC also requires licensees like NFNY Hotel Management LLC to operate the hotels in accordance with all applicable laws, which necessarily includes all wage-and-hour laws, gratuity/tip laws, and all other labor laws. The Sheraton LLC dictates that, if the hotel at any time does not comply with any applicable law, then The Sheraton LLC at its expense, shall promptly bring the Hotel into compliance with, or cure the violation of, the applicable law.

27. The Sheraton LLC further requires the direct employees of licensees like NFNY Hotel Management LLC to respond promptly to guest complaints, to administer guest relations in compliance with The Sheraton LLC's system programs and services charges in such a manner

to ensure positive guest relations. The Sheraton LLC also has the right to enter the licensed hotel without notice to conduct inspections of the hotel, the hotel's books and records, and all other areas of the hotel to ensure compliance with Sheraton's standards and policies. Licensees such as NFNY Hotel Management LLC, and their employees, are required to assist The Sheraton LLC to facilitate such inspections. In other words, The Sheraton LLC has the right to monitor hotel employee's performance and the right to visit facilities within its licensee network to determine if the hotels are within Sheraton's policies and practices.

28.     The standard agreement further requires licensees such as NFNY Hotel Management LLC to employ at least one general manager that is principally responsible for hotel operations, has completed training programs provided by The Sheraton LLC, and who will have been interviewed and approved by The Sheraton LLC to manage the hotel. The Sheraton LLC will thereafter have the right to communicate directly with the general manager and executive personnel at the hotel regarding hotel operations. In other words, The Sheraton LLC has the right to hand-pick the general manager overseeing the hotels operated by licensees like NFNY Hotel Management LLC.

29.     The Sheraton LLC further requires the staff/employees who work at the hotels for licensees like NFNY Hotel Management LLC to meet Sheraton's training requirements, and to comply with Sheraton's standards and policies. Licensees like NFNY Hotel Management LLC's managerial staff must complete, to The Sheraton LLC's satisfaction, training programs designated by Sheraton as mandatory, and is required to further conduct training for personnel working at the hotel as The Sheraton LLC may require. This is so the hotel at all times, as required by The Sheraton LLC, be staffed by staff that are qualified and trained to The Sheraton LLC's standards.

30. Licensees such as NFNY Hotel Management LLC are required to maintain and implement The Sheraton LLC's various manuals, guidelines, handbooks, and other written policies that hotel staff are required to follow. The Sheraton LLC also has the right, without notice, to examine, audit, copy, and review licensees' business records, accounts, books, and data. This means The Sheraton LLC has access to and can maintain NFNY Hotel Management LLC's employee records, payroll records, and other employment data for Plaintiffs and Class members. Because The Sheraton LLC has the right to inspect licensees' records, The Sheraton LLC knows or should have known, and has authority to exercise control over, the accuracy of records concerning Plaintiffs' and Class members' hourly rates of pay, hours worked, gratuities/tips recorded, and the like.

31. In sum, The Sheraton LLC exerts significant control and strictures over its licensees such as NFNY Hotel Management LLC, and does so in such a way that exerts control over the employees at the hotels operated by licensees such as NFNY Hotel Management LLC.

32. Plaintiff Green worked for Defendants at the Sheraton Niagara Falls as a bartender and occasional server, front desk worker, and occasionally as an in-room service worker from approximately June 2019 to August 2020.

33. Plaintiff Casero worked for Defendants at the Sheraton Niagara Falls as a food and beverage server from May 2016 through August 2020.

34. Plaintiffs and Class members received New York Wage Theft Prevention Act ("WTPA") Notices from Defendant NFNY Hotel Management LLC that were not compliant with the NYLL and WTPA requirements. Notably, Defendants have a pattern and practice of providing WTPA Wage Notices that fail to accurately or timely provide Plaintiffs and Class members with their true rates of pay, the proper tip credits to be taken against the minimum

wage, and which fail to include the names, addresses, and phone numbers of all joint employers.

35. Likewise, Plaintiffs and Class members received WTPA itemized wage statements from Defendant NFNY Hotel Management LLC that were not compliant with the NYLL and WTPA requirements. Until approximately 2016, the wage statements failed to include the phone number of any employer. More substantively, the wage statements also failed to include accurate representation of Plaintiffs' and Class members' hourly rates of pay and the per-hour tip credit amount being applied against the minimum wage. The wage statements likewise failed to include any gratuity/tip amounts that should have been paid from automatic surcharges that Defendants charged their customers for "Destination Marketing Fees" that customers reasonably believed constituted additional tips/gratuities for the servers.

36. Defendants also failed to pay Plaintiffs and Class members at the appropriate minimum wage rate during the relevant time period.[1] Plaintiffs allege and assert that Defendants had a pattern and practice of failing to increase the hourly rates of pay for Plaintiffs and Class members commensurate with the annual increases in the NYLL statutory minimum wage rates. Defendants waited upwards of 30-to-45 days, and sometimes longer, to increase Plaintiffs' and Class members' rates of pay to keep up with the NYLL minimum wage rates.

37. For example, from approximately 2018 to 2020 Ms. Casero's hourly rate of pay as a server was approximately $8.25 per hour. From January 31, 2018 to January 31, 2019, the State of New York's minimum wage was $11.10. From January 31, 2019 to January 31, 2020, the State of New York's minimum wage was $11.80. On January 31, 2020 the minimum wage increased to $12.50. During all this time, Ms. Casero's hourly rate of pay remained approximately $8.25 per hour.

38. In comparison, Ms. Green's hourly rate of pay as a desk clerk from May 2019 to

---

[1] The substantive minimum wage claim is currently subject to a separate class action

August 2020 was $12.00 per hour. Despite the minimum wage in New York being raised from $11.80 to $12.50 on January 31, 2020, Ms. Green did not receive a change in her hourly pay.

## RULE 23 CLASS ACTION ALLEGATIONS

39. Plaintiffs bring causes of action as a class action individually and on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The New York Class that Plaintiffs seek to represent is defined as follows:

### Class Definition

**All current and former hourly, non-exempt employees, including but not limited to servers, food servers, beverage servers, in-room dining servers, front desk workers, or other employees with similar job duties who worked for Defendants, individually and/or jointly, in New York any time starting six years prior to the filing of the complaint (plus an additional 493 days for *American Pipe* tolling) until resolution of this action.**

40. This action is being brought, and may properly be maintained, as a class action because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

41. Numerosity: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiffs are informed and believe that the number of New York Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable. Furthermore, the identities of the New York Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

42. <u>Commonality</u>: There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

   a. Whether Defendants fail to provide Class members with timely, accurate itemized wage statements in violation of the NYLL § 193(3);

   b. Whether Defendants fail to provide accurate and timely written notices that are in compliance with NYLL § 195(1);

   c. Whether Class members are entitled to statutory damages pursuant to the NYLL § 198; and

   d. Whether Defendants can avail themselves of the affirmative defense that all wages have been or were timely paid to all class members pursuant to NYLL § 198.

43. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiffs and Class members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

44. <u>Adequacy of Representation</u>: Plaintiffs seek relief for state law violations perpetrated by Defendants. In that sense, Plaintiffs do not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs are competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

45. <u>Superiority of Class Action</u>: A class action is superior to other available means

for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has subject to the same violative practices and is entitled to recovery of readily-ascertainable statutory damages by reason of Defendants' policies and/or practices that are illegal under the WTPA. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

46. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

47. If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

48. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being

**FIRST CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to NYLL § 195**
**(On Behalf of the Class)**

49. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

50. Defendants do not provide Plaintiffs and Class members with accurate itemized wage statements as required by NYLL § 195(3).

51. With each payment of wages, Defendants fail to provide Plaintiffs and Class members with an accurate statement listing each of the following categories of information:

    a. The dates of work covered by that payment of wages;

    b. Name of employee;

    c. Name of employer;

    d. Address and phone number of employer;

    e. Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

    f. Gross wages;

    g. Deductions;

    h. Allowances, if any, claimed as part of the minimum wage;

    i. Net wages;

    j. The regular hourly rate or rates of pay;

    k. The overtime rate or rates of pay;

    l. The number of regular hours worked; and

    m. The number of overtime hours worked.

52. For Plaintiffs and all Class members, Defendants routinely and systematically failed to include the tip allowances, if any, claimed as part of the minimum wage on the itemized wage statements provided. Moreover, Defendants failed to include the employer's telephone number on the itemized wage statements until 2016, at the earliest. The wage statements

provided by Defendants also failed to include the names, addresses, and telephone numbers of all of the joint employers.

53. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and each Class member in the amount of $250 for each workday that the violations occurred or continue to occur, up to a maximum of $5,000 per Class member, together with attorneys' fees and costs.

54. Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirement Pursuant to NYLL § 195**
**(On Behalf of the Class)**

55. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

56. Defendants fail to provide Plaintiffs and Class members with a written notice, in English and in the language identified by each employee as their primary language, containing the following categories of information as required by NYLL § 195(1):

   a. The rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

   b. Allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

   c. The regular pay day designated by the employer;

   d. The name of the employer;

   e. Any "doing business as" names used by the employer;

   f. The physical address of the employer's main office or principal place of business, and a mailing address if different; and

   g. The telephone number of the employer.

57. The WTPA Notices provided by Defendants to Plaintiffs and Class members are inaccurate as to the true hourly rate and allowances taken against the minimum wage for tipped employees. The WTPA Notices provided by Defendants also failed to include the names, addresses, and telephone numbers of all of the joint employers.

58. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs and each Class member in the amount of $50 for each work day that the violations occurred or continue to occur, up to a maximum of $5,000 per Class member, together with attorneys' fees and costs.

59. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## JURY DEMAND

60. Plaintiffs hereby request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of Class members, requests the following relief:

1. Statutory damages as provided by NYLL, WTPA, and/or all other applicable laws, rules, and regulations of New York;

2. For a declaratory judgment that Defendants violated NYLL and WTPA as alleged herein;

3. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing, now and in the future, those violations of law herein alleged;

4. For an order awarding reasonable attorneys' fees as provided by the NYLL, the laws of the State of New York, and/or other applicable law;

5. For all costs of suit;

6. For interest on any penalties awarded, as provided by applicable law; and

7. For such other and further relief as this Court deems just and proper.

Date: January 14, 2022

s/ Harvey P. Sanders
Harvey P. Sanders
SANDERS & SANDERS
401 Maryvale Drive
Cheektowaga, NY 14225
Tel: (716) 839-1489
harvey.sanders@wnyemploymentlaw.com

Carolyn H. Cottrell (to apply *pro hac vice*)
Ori Edelstein (to apply *pro hac vice*)
Kristabel Sandoval (to apply *pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

*Counsel for Plaintiffs and Class Members*