SCHNEIDER WALLACE
COTTRELL KONECKY LLP

May 13, 2022

**VIA ECF**

The Honorable Jeremiah J. McCarthy
United States Magistrate Judge
United States District Court for the Western District of New York
2 Niagara Square
Buffalo, New York 14202-3350

Re: ***Green, et al. v. The Sheraton, LLC, et al.*; Case No. 1:22-cv-00046-LJV**
**Plaintiffs' Response to Defendants' Supplemental Letter Brief**

Dear Judge McCarthy:

Plaintiffs submit this letter in response to Defendants The Sheraton LLC and NFNY Hotel Management LLC's supplemental letter brief dated May 6, 2022 (ECF 35). Defendants argue that three recent decisions reveal that this Court lacks subject matter jurisdiction over Plaintiffs' claims. However, such argument is incorrect.

As a preliminary matter, the basis of Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss at ECF 21 is that the complaint at issue "falls into a mandatory exception to CAFA's jurisdiction and must be dismissed." (ECF 21, p. 1). The Motion specifically discusses the home state exception to CAFA. When Defendants requested supplemental briefing during the April 28, 2022 hearing due to three recent opinions that they claimed would impact the Court's consideration of their motion, they failed to explain that they intended to raise entirely new arguments regarding jurisdiction. Defendants' letter brief cites three cases all decided by Judge Pamela Chen of the Eastern District of New York, *Sevilla v. House of Salads One LLC*, 2022 WL 954740 (E.D.N.Y. March 30, 2022); *Wang v. XBB, Inc.*, 2022 WL 912592 (E.D.N.Y. March 29, 2022); and *Francisco v. NY Tex Care, Inc.*, 2022 WL 900603 (E.D.N.Y. March 28, 2022). None of these cases discuss CAFA at all, and all are instead focused on other areas of the Court's jurisdiction.

Not only does Defendants' new argument deviate from the arguments they made in their Motion to Dismiss, but none of the cases cited are based on a motion to dismiss. That is, Defendants' new argument contends that this Court lacks subject matter jurisdiction over Plaintiffs' wage notice and wage statement claims because other courts have found that there was no tangible injury at issue. While the cases Defendants rely on discuss standing in the context of wage statement and wage notice claims, none of them deal with a challenge to the pleadings at the motion to dismiss stage. *Sevilla* pertains to summary judgment, *Wang* pertains to trial, and *Francisco* pertains to class certification. Thus, these cases are all distinguishable and inapplicable to the Court's consideration here.[1]

[1] Even if applicable, these decisions are not binding on this Court because they are not decisions from the U.S. Court of Appeals for the Second Circuit (they aren't even from this District), but instead are decisions from a single judge residing in another District Court, the Eastern District of New York.





Finally, Defendants' argument also fails on the merits. The failure to provide compliant wage notice and wage statements does cause sufficient injury to provide Plaintiffs with standing and the Court with subject matter jurisdiction. In *Hicks v. T.L. Cannon Management Corp*., a Western District of New York opinion, the court denied defendants' request for summary judgment predicated on the same lack of standing argument made here.[2] *Hicks v. T.L. Cannon Management Corp*., No. 13-CV-6455(EAW), 2018 WL 2440732, at *5 (W.D.N.Y. Mar. 13, 2018). The Court there explained that:

> [V]iolation of the procedures created by the relevant provisions of the NYLL and the FLSA may in fact result in a concrete injury. These statutes were drafted and enacted to protect the rights of employees such as Plaintiffs, and their procedural provisions are specifically designed to guard against the concrete harm that workers are subject to when they are mis- or uninformed regarding their rights and the responsibilities of their employers. Indeed, the Court has already soundly rejected Defendants' argument that the issues involved in this matter are trivial or somehow underserving of this Court's attention. Under these circumstances, a violation of the relevant procedural requirements is sufficient to establish standing.

*Id.*

Further, the Court in *Hicks* also noted that according to Second Circuit authority, "where [the legislature] confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient risk of real harm to the underlying interest to establish concrete injury." *Id.* (citing *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) (internal quotation omitted)). To the extent the Court entertains Defendants' new argument, the Court should find, as the court did in *Hicks*, that Plaintiffs have standing and therefore the Court has subject matter jurisdiction.

Other District Courts in this circuit have made similar holdings. In *Imbarrato v. Banta Mgmt. Servs*., a Southern District of New York decision, the court found that "[t]he Second Circuit has confirmed that *Spokeo* does not categorically preclude 'violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing.'" *Imbarrato v. Banta Mgmt. Servs.*, No. 18-cv-5422 (NSR), 2020 U.S. Dist. LEXIS 49740, *18 (S.D.N.Y. Mar. 20, 2020). It found that "to determine whether a procedural violation manifests injury in fact, a court properly considers whether Congress conferred the procedural right in order to protect an individual's concrete interests." In *Imbarrato*, as in the instant action, the plaintiffs alleged that Defendants failed to furnish them proper wage notices and wage statements under NYLL §§ 195(1) and 195(3). *Id.* at 21. The court there reasoned that the provisions at issue were enacted as part of the WTPA, which sought "to expand the rights of employees to seek civil and criminal avenues of remedy for their employers failing to follow labor law appropriately and the specifications therein. *Id*. (citing N.Y. Spons. Mem., 2010 S.B. 8380). It explained that the WTPA was passed to address studies showing that large numbers of employees were not paid all wages owed, and that employers were not adequately informing their employees of their wages and the calculations thereto in an understandable manner. *Id.* The court further elaborated:

---

[2] As with the cases relied on by Defendants, this issue was considered by the *Hicks* court not on a motion to dismiss, but on a motion for summary judgment.





> It is clear that the WTPA was enacted to further protect an employee's concrete interest in being paid what he or she is owed under the NYLL. The statute explicitly recognizes that this interest is put at risk when employees are 'mis- or un-informed regarding their rights and the responsibilities of their employers,' and seeks to guard against that harm by requiring employers to regularly apprise their employees of such information as the rate and basis for their wages and any allowances claimed by the employer."
>
> *Id*. at p. 22-23 (quoting *Hicks*, 2018 WL 2440732, *5).

In ultimately denying the defendants' motion to partially dismiss the complaint, the court in *Imbarrato* found that the plaintiffs had identified procedural deficiencies that entail a concrete risk of harm to an interest identified by the legislature. Here too, Plaintiffs allege more than just a trivial violation of the statutes, but instead identify procedural deficiencies that entail a concrete risk of harm to an interest identified by the legislature. Plaintiffs allege, *inter alia*, that the wage notices failed to provide the true rates of pay, proper tip credit, and the contact information for all joint employers. ECF 1, ¶ 34. They also allege that the wage statements, for example, failed to include accurate representations of hourly rates of pay and the per-hour tip credit amount being applied against the minimum wage. *Id.* ¶ 35. Defendants also failed to include the gratuity/tip amounts that should have been paid from the automatic surcharges Defendants charged their customers, which the latter reasonably believed constituted additional tips/gratuities to the servers. *Id*. As the court in *Imbarrato* indicated, written notices serve to apprise employees of their rights and employers' obligations to them and assists in empowering employees to advocate for themselves; deprivation of the information entails a significant risk of harm to the employees' concrete interest in being paid properly. *Imbarrato, supra,* 2020 U.S. Dist. LEXIS 49740, *24-25. The court found that, for this reason, the plaintiffs pleaded a concrete injury, and they also sued "to vindicate interests particular to them—specifically, access to disclosures regarding their wage rights—as persons alleging deprivation of adequate wages consistent with the NYLL." *Id.* at 25. It therefore found plaintiffs asserted a concrete and particularized injury arising from defendants' failure to provide the wage statements and wage notices pursuant to the WTPA and rejected the defendants' standing argument. The Court should do the same here for the same reasons.

Defendants' Motion to Dismiss must be denied. Defendants' attempt to raise new arguments by way of this supplemental briefing should not be allowed because it is improper and because it lacks merit. The recent decisions Defendants relied on do not address CAFA jurisdiction (the entire basis of Defendants' Motion to Dismiss), are not binding on this Court, and are refuted by more persuasive case law.

Sincerely,

Ori Edelstein (*pro hac vice*)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**





2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421 7100
Fax: (415) 421 7105
oedelstein@schneiderwallace.com

cc: All Counsel of Record (via ECF)