UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DORIS GREEN, and CHRISTINA CASERO,
Individually and on Behalf of All Others
Similarly Situated,

                     Plaintiffs,

v.

THE SHERATON, LLC and NFNY HOTEL
MANAGEMENT LLC,

                     Defendants.
_____

**REPORT AND RECOMMENDATION**[1]

Case No. 1:22-cv-46-JLS-JJM

       This is a purported class action on behalf of alleged employees of defendants The Sheraton, LLC ("Sheraton") and NFNY Hotel Management LLC ("NFNY"), claiming that defendants violated New York Labor Law §§195(1) and (3) by failing to provide their employees with accurate and timely itemized wage statements and notices. Complaint [1].[2] Before the court is defendants' motion [20] seeking dismissal of the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) and 28 U.S.C. §1332(d)(4)(B), which has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [11].

       Having reviewed the parties' submissions [20-23, 27, 31, 32] and heard oral argument on April 28, 2022 [34], for the following reasons I recommend that the motion be granted.

---

[1]     This Report and Recommendation is being filed under seal because it quotes sealed materials. The parties shall notify me by June 10, 2022 as to which portions should remain sealed, and a redacted version will then be publicly docketed.

[2]     Bracketed references are to CM/ECF docket entries (unless otherwise noted). Page references are to CM/ECF pagination (upper right corner of the page).

## DISCUSSION

Plaintiffs base their claim to subject matter jurisdiction on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2). Complaint [1], ¶3. In moving to dismiss, defendants rely upon CAFA's "home state" exception to jurisdiction, 28 U.S.C. §1332(d)(4)(B). Defendants' Memorandum of Law [27-3] at 12. That exception requires the court to decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed".

"The party seeking to avail itself of an exception to CAFA jurisdiction over a case originally filed in federal court bears the burden of proving the exception applies." Hart v. Rick's NY Cabaret International, Inc., 967 F. Supp. 2d 955, 960 (S.D.N.Y. 2014). Although "[t]he Second Circuit has not resolved the level of proof required to establish an exception to CAFA jurisdiction", the prevailing view is that "the party asserting a CAFA exception must establish its elements by a preponderance of the evidence". Gibson v. Bartlett Dairy, Inc., 2022 WL 784746, *3 (E.D.N.Y. 2022).

A.   Are Two-Thirds of the Class New York Citizens?

The proposed class consists of "[a]ll current and former hourly, non-exempt employees, including but not limited to servers, food servers, beverage servers, in-room dining servers, front desk workers, or other employees with similar job duties who worked for Defendants, individually and/or jointly, in New York any time starting six years prior to the filing of the complaint (plus an additional 493 days for *American Pipe* tolling) until resolution of this action". Complaint [1], ¶39.

Defendants state that "NFNY has identified 653 current or former employees who fall within Plaintiffs' proposed class . . . . Of the 653 identified proposed class members, 634 have a current or last known address in New York . . . . This represents 97.1% of the proposed class members." Defendants' Memorandum of Law [27-3] at 12.³

Plaintiffs argue that "the type of information provided by Defendants here is not sufficient to meet their burden". Plaintiffs' Memorandum of Law [31] at 13, *citing* Hart. In Hart, 'defendants rel[ied] entirely on their business records, which reflect the last-known addresses of each class member". Id. at 963. The court concluded that these "records are not directed squarely to the issue of *citizenship* . . . . Such an entry provides only limited insight into whether the [class member] intended to make New York her permanent home. Yet that is a key question for determining citizenship: An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile". Id. at 964.

However, the class in Hart consisted of exotic dancers, who "tend to change jobs and switch their employment more frequently than some other categories of workers . . . [N]ude entertainers tend to be transient or itinerant. This . . . calls into question how probative the snapshot of a last-known address is of such a dancer's state citizenship". Id. at 966. Secondly, the court in Hart noted that "the data that Rick's NY has presented only barely clears the statutory two-thirds bar", and stated that "[h]ad Rick's NY's last-known address data situated, say, 95% of the class members in New York, there would be a far more substantial buffer, and the Court would be more comfortable relying on this data as a basis to find the two-thirds threshold met". Id. at 965. Here, by contrast, 97.1% of the proposed class members have or had a New York address.

---

³    *See* [27-1] for a list of those employees.

"A Court may infer citizenship for the purposes of evaluating whether the citizenship requirement of a CAFA exception has been met by the moving party", Kurovskaya v. Project O.H.R., Inc., 251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017), by "simply mak[ing] reasonable assumptions about the makeup of the putative class". Commisso v. PricewaterhouseCoopers LLP, 2012 WL 3070217, *4 (S.D.N.Y. 2012). Thus, for purposes of this motion I may assume that "[t]he residence of a party is presumed to be where his domicile is". Hart v. Kip, 148 N.Y. 306, 310 (1896), and that "[d]omicile is presumed to continue in the same place absent sufficient evidence of a change". Kelly v. Vesnaver, 2018 WL 1054827, *3 (E.D.N.Y.), adopted, 2018 WL 1054381 (E.D.N.Y. 2018). See also Serrano v. Bay Bread LLC, 2014 WL 4463843, at *3 (N.D. Cal. 2014) ("the only relevant places of employment are located in the San Francisco Bay Area. In the absence of any contrary evidence, it is reasonable to infer that most of the bakeries' employees live and intend to remain here").

"A party attempting to prove a change in domicile so that a federal court has diversity jurisdiction bears the burden of proof by clear and convincing evidence." Kelly, *3. Plaintiffs have not satisfied that burden.

B.   Is Sheraton a Primary Defendant?

The "home state" exception "requires that *all* 'primary defendants' be citizens of the state where the action was originally filed". Romano v. Northrop Grumman Corp., 2017 WL 6459458, *3, n. 3 (E.D.N.Y. 2017) (emphasis in original). The parties agree that although NFNY is a New York citizen, Sheraton is not. Therefore, if Sheraton is a "primary defendant", the motion must be denied.

While CAFA itself does not define the phrase "primary defendant", "'primary' defendants are most often defined as those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are usually those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification . . . . '[P]rimary defendants' [are] those parties having a dominant relation to the subject matter of the controversy, in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable." McCracken v. Verisma Systems, Inc., 2017 WL 2080279, *3 (W.D.N.Y. 2017). "'[P]rimary defendants' should [not] be defined as those defendants with the 'deepest pockets' because the measure of a particular defendant's ability to pay a judgment should have no bearing on a court's evaluation of a Rule 12(b)(1) motion." Id.

Several factors point to NFNY alone being the "primary defendant". First, it was NFNY, not Sheraton, that sent the notices giving rise plaintiffs' claims. Complaint [1], ¶¶34-35. Secondly, the License Agreement between Sheraton (as Licensor) and NFNY (as Licensee) [27-2] provides that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[4]███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[4] "In deciding a Rule 12(b)(1) motion, the court may . . . rely on evidence outside the complaint." Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l, 790 F.3d 411, 417 (2d Cir. 2015).

Third, defendants note that "[m]any of the proposed class members worked at entities that are not even covered by the License Agreement and have nothing to do with the Sheraton Hotel, such as the employees of the Wyndham Garden, Chill 443, TGI Friday's or Rainforest Café", and that "[p]laintiffs fail to allege any plausible connection between these employees and Sheraton". Defendants' Memorandum of Law [27-3] at 18.

Finally, defendants point out that "in the *Lecher* case, which Plaintiffs' counsel filed in state court just days after this complaint alleging wage violations for the identical proposed class, Sheraton was *not* named as a defendant. It is inconceivable that Sheraton could be a 'primary defendant' when it comes to issuance of the notices and wage statements required by NYLL §195, but not even significant enough to be included in a lawsuit alleging *actual* underpayment of wages and violation of related laws, which are the basis for the purported deficiencies in the statements and notices at issue in this case. in a class action commenced by the same attorneys". Id. *See* Lecher Complaint [23-8].

**CONCLUSION**

For these reasons, I recommend that defendants' motion to dismiss [20] be granted. Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by June 14, 2022. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

        The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 31, 2022

                                          /s/ Jeremiah J. McCarthy
                                          JEREMIAH J. MCCARTHY
                                          United States Magistrate Judge